# David R. Shively and Annie Shively v. John P. Hettinger.

1. APPELLATE COURT PRACTICE—*Abstract Must Show upon What Errors are Based.*—Alleged errors not based upon anything appearing in the abstract of the record will not be considered by the court.

Assumpsit, on a special contract. Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed December 14, 1896.

DUNCOMBE & BUTLER, attorneys for appellants.

WARWICK A. SHAW, attorney for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This was a suit brought by appellee, as plaintiff, against the appellants, as defendants, to recover upon what the evidence tended to show was a special contract for the making of plans and specifications by the appellee, as an architect, for a building proposed to be erected by the appellants.

The only information which the abstract furnishes concerning the declaration, is that in one place it speaks of a "journal entry of order granting leave to file new declaration in lieu of lost declaration," and in another place it mentions "new declaration," and in yet another place it mentions that leave was granted to file "additional counts" instanter.

No sort of information is given as to what was contained in either declaration, or in the additional counts. Under such conditions, we must assume that the declaration fitted the proofs.

That alleged errors not based upon anything appearing in the abstract of record, will not be considered by the reviewing tribunal, has been decided so many times that authority for it should no longer be thought necessary, but

the latest expression of the rule by the Supreme Court may be seen in Strohm v. The People, 160 Ill. 582.

In this court the decisions have been numerous, and many of them are collected in Shields v. Brown, 64 Ill. App. 259.

The abstract does not show that any motion for a new trial was made in the court below, and therefore all errors that have been assigned for causes which can only be raised by interposing such a motion, are out of the case in this court.

But if it be said that there were such errors committed by the trial court as do not require that a motion for a new trial be interposed in order that they may be assigned for error, either in the admission or rejection of evidence, or in the giving or refusal of instructions, we can only say that it is impossible, without the declaration before us, to pass intelligently upon the first, and that as to the last, the abstract does not show that an exception was taken to the action of the court with regard to any instruction either given or refused.

For anything appearing in the testimony, as abstracted, and as supplemented by what may be regarded as a further abstract of the testimony contained in the brief of appellee, we can not say that the jury were so clearly wrong in believing the appellee in preference to believing the opposed testimony in behalf of the appellants, as for that reason to justify a reversal of the judgment.

There clearly was evidence, though not very strong, that tended to support the verdict upon a theory that there was an express contract declared upon, under which the appellants were jointly bound.

Mrs. Shively was present and participated in some of the conversations between her husband and the appellee, and it was stipulated that she owned the ground upon which the building was proposed to be erected, and there was evidence that tended to show, though not very strongly, that she assented to a contract with the appellee, to make the plans and specifications at an agreed price.

Upon the record that is before us, we can only affirm the judgment.