## Charlotte E. Dorn v. J. W. Voorhees, W. J. Neebes and Tyler & Hippach.

1.  CERTIFICATE OF EVIDENCE—*When Necessary.*—No certificate of evidence is necessary in a chancery cause, unless it be to preserve oral evidence introduced on the hearing.

**Bill,** to foreclose a trust deed.   Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding.   Heard in this court at the October term, 1896.   Affirmed.   Opinion filed January 21, 1897.

CHARLES PICKLER, attorney for appellant.

WEART & WEART, attorneys for appellees.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

We have again to follow our numerous decisions, and affirm the decree appealed from because of a failure by appellant to show, in her abstract, anything from which we can see what her case is about.

Appellant assigns for error :

" 1st.   The court erred in refusing to sign and seal a certificate of evidence.

" 2d.   The court erred in entering a decree herein in favor of W. J. Neebes."

Enough is shown by the abstract for us to know that a bill in equity to foreclose a trust deed was filed by John W. Voorhees against the appellant, W. J. Neebes, A. S. Tyler and L. A. Hippach, and that the default of the appellant was vacated and that she was permitted to appear and answer, but nothing else concerning the bill is shown, and no part of the answer of appellant appears.

We may, accordingly, say that the abstract fails to show that the appellant had any interest whatever in the suit, or that she has any standing here, or elsewhere, to complain of any decree that was entered therein.

The first assigned error is not well taken, if, as we conjecture was the case, there was a reference of the cause to a master and evidence taken by him (of which, however, not a word appears in the abstract), and such evidence was reported to the court.

No certificate of evidence in a chancery cause is ever necessary or proper, unless it be to preserve oral evidence introduced upon the hearing. There does not appear to have been any oral evidence taken before the court, and the master's report of what was taken before him, became, when filed in court, as much a part of the record as the pleadings or the decree itself, and needed no certificate of the chancellor. Ferris v. McClure, 40 Ill. 99; Jackson v. Sackett, 146 Ill. 646.

The second error assigned can not be passed upon for want of an abstract of either bill, answer or evidence heard by the master.

The last case in which this court has been required to affirm for want of a sufficient abstract, is Snively v. Hettinger, 67 Ill. App. 278, where reference is made to many decisions by this court and by the Supreme Court.

The decree of the Superior Court is affirmed.