## John E. Harper et al. v. L. B. Dixon et al.

1. PLEADING—*Proper Designation of Parties.*—Upon an instrument for the payment of money signed by persons as " directors of," etc., it is proper to allege that the signers, by the name and style of the " directors of," etc., promised to pay, etc., and such allegation can not be denied under pleas not sworn to.

2. APPELLATE COURT PRACTICE—*Abstract Must Show Upon What Errors are Based.*—Alleged errors not based upon anything appearing in the abstract of the record will not be considered by the court. Shively v. Hettinger, 67 Ill. App. 278.

Assumpsit, on an instrument in writing. Appeal from the Superior Court of Cook County; the Hon. WILLIAM G. EWING, Judge, presiding. Heard in this court at the March term, 1897. Opinion filed May 6, 1897.

SOANLAN & MASTERS and J. E. RICKETTS, attorneys for appellants.

W. A. SHERIDAN, attorney for appellees.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The abstract does not show who were plaintiffs or defendants in the Superior Court, nor who are appellants or appellees here—for or against whom any judgment was rendered, nor what kind of declaration was filed.

We guess that a suit was commenced by L. B. Dixon and William J. Brooks against John E. Harper, S. A. McWilliams and Silas T. Yount, upon an instrument in the words and figures following:

" March 28, 1893, the directors of the Clinical College of Medicine & Specialty Hospital, through its officers, agree to pay to Messrs. Dixon & Brooks for their services on the buildings located on Wabash avenue and Eda street, as follows: $1,000 in thirty days; $1,000 in sixty days; $1,000 in ninety days; $2,000 in stock at par when roof is on; $2,000 in stock at par when building is completed.

> Signed:    J. E. Harper,
>
> S. A. McWilliams, M. D.,
>
> Sec'y and Director.
>
> Silas T. Yount."

Which said instrument was indorsed with these words :
" We agree to the above terms in full of all demands.

> Signed :    Dixon & Brooks."

A proper declaration upon that instrument would allege that the signers of it, " by the name and style of the directors of the Clinical College of Medicine & Specialty Hospital," promised to pay Dixon & Brooks; and such allegation could not be denied under any pleas not sworn to.   Dwight v. Newall, 15 Ill. 333; Neteler v. Culies, 18 Ill. 188; Frankland v. Johnson, 46 Ill. App. 430.

The opinion of the Supreme Court in the last case, as reported in 147 Ill. 520, seems to us to be in conflict with its earlier judgments, but there is no intimation that it was intended to overrule or modify them.   No sworn plea is shown by the abstract, and all presumptions being in favor of the correctness of the judgment, we must presume that the pleadings were such that no issue whether the appellants were promisors was presented.

There seems to have been considerable work done by the appellees at the request of the appellants, in making sketches and plans, though no building was done.   It is not probable, from the evidence shown by the record, that in such request anything was said about corporate or individual liability,

and the law will generally imply individual liability from a request when nothing is said as to who will pay.

Upon the evidence the verdict of the jury for the appellees does not appear unwarranted.

The abstract does not show that the appellants excepted to any instruction given, or requested any to be given; nor that any motion for a new trial is mentioned in the bill of exceptions.

Very little attention is paid to the frequent decisions that courts will not go beyond the abstract to find errors. Shively v. Hettinger, 67 Ill. App. 278. The judgment is affirmed.