## Ernst Tosetti Brewing Co. v. David Rosenheim.

1. Appellate Court Practice—*Abstract Must Show Errors Complained of.*—Alleged errors, not based on anything appearing in the abstract of the record, will not be considered by this court.

**Transcript,** from a justice of the peace. Appeal from the Circuit Court of Cook County; the Hon. Thomas G. Windes, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed May 24, 1897.

Joseph H. Muhlke, attorney for appellant.

W. A. Sheridan, attorney for appellee.

Mr. Presiding Justice Shepard delivered the opinion of the Court.

Upon appeal from a justice's judgment to the Circuit Court the appellant was subjected to a verdict and judgment for $75 for rent for the month of July, 1896, under what we conjecture were the terms of a lease referred to by witnesses, and which was, by name at least, offered in evi-

dence by the appellee, and the signatures thereto identified as being those of the appellant and appellee respectively.

The principal error that is argued by appellant is the refusal by the court to admit in evidence what is spoken of as "the old lease," which, it is said, is the one referred to in the following language read by appellant's counsel from something spoken of as the lease offered in evidence by the appellee:

"This lease is given for the express purpose of, and no other, of carrying out the terms of a certain lease, executed between one Robert Excell, and one Peter Foy, dated January 25, 1892; assigned by Foy to lessee herein, and by Excell to lessor herein, and is intended to invest said lessee with all the rights acquired by such assignment and attornment to lessor thereunder, and no other rights, and to that end shall be construed."

The abstract refers to four exhibits, called respectively "lease," "old lease," "plat," and "a letter dated January 4, 1896, received from David Rosenheim, the signature to which is admitted by said Rosenheim," but no contents of either exhibit is shown, unless the foregoing quotation be considered as a part of the "lease."

It is not claimed that the old lease was competent evidence of anything unless it were made so by the paragraph quoted, that was read by appellant's counsel at the trial. If such paragraph were a part of a lease under which appellee claimed to hold appellant for rent, the lease containing it, as well as the old lease there referred to, should, in order that we might intelligently pass upon the question, be shown to us in the manner required by the rules of the court concerning abstracts.

The appellant, in its brief, complaining that the old lease was not admitted in evidence, has furnished us with an apt inquiry descriptive of the condition in which the court is left by the failure to furnish a sufficient abstract.

"How are we to know if the 'lessee is invested with all the rights acquired by such assignment and attornment' unless we have the old lease, showing what those rights were?"

The rule concerning the preparation of abstracts of the record in causes appealed to the Supreme Court, and to this court, is a living one, and has been so often applied that now to decline its enforcement would be to lay ourselves open to the charge of partiality. It is, that alleged errors, not based on anything appearing in the abstract, will not be considered by the court. See Shively v. Hettinger, 67 Ill. App. 278, from which former decisions may be traced.

The Circuit Court having ruled adversely to appellant's contention on the question, we must presume such ruling to be correct under the law until the contrary is made to appear to us, which not so appearing, the alleged error must be held not to be well assigned.

The other points argued by appellant hang upon the one question mentioned, and must, therefore, fall with it.

The judgment of the Circuit Court is affirmed.