## Webster Manufacturing Co. v. Mathias Schmidt.

1. MASTER AND SERVANT—*Duty of the Master.*—It is the duty of the master to use all reasonable care to employ competent and prudent co-employes.

2. SAME—*When One Employe Has Knowledge of Another's Incom-*

*petency.*—When one employe has knowledge of the incompetency of another, but continues in the service until he is injured through such incompetency, he can not recover.

3. ADMISSIONS—*Of Persons Suing for Personal Injuries.*—Where a person suing for personal injuries makes a statement in writing, purporting to show how the injuries occurred, admissions in such statement are competent evidence against him on the trial of the case.

**Trespass on the Case,** for personal injuries. Trial in the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in the Branch Appellate Court of the First District, at the October term, 1897. Reversed and remanded. Opinion filed May 31, 1898.

### STATEMENT.

Appellee sued to recover damages for personal injuries received while in the employ of appellant, caused by the operation of a steam hammer, which descended prematurely, and cut off the first joint of the index finger of appellee's right hand, injuring at the same time the second joint of the same finger. The injury is said to have been caused by the carelessness of a boy employed to operate the hammer; and appellant is charged with negligence in placing an unsuitable person of immature age, who is alleged to have been unskillful, careless and negligent, in charge of its operation.

JOHN A. POST and CHARLES B. STAFFORD, attorneys for appellant.

JESSE COX and JENS L. CHRISTENSEN, attorneys for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is the duty of the master to use all reasonable care to employ competent and prudent co-employes. Consolidated Coal Co. v. Haenni, 146 Ill. 614.

The negligence charged against appellant involved questions of fact; first, whether the boy employed to operate the steam hammer was or was not immature, unskillful and careless; second, whether, if the boy was incompetent,

appellant knew, or in the exercise of reasonable care and diligence should have known, that he was not a sufficiently careful and prudent person to be put in charge of such work; third, whether appellee knew, and whether he could have known by the exercise of ordinary care and observation, of the alleged incompetency of the boy; fourth, whether appellee by his own negligence contributed to the injury.

These were questions for the jury.    There was testimony tending to show that the boy in charge of the operation of the lever controlling the steam hammer was about sixteen or seventeen years of age; testimony upon both sides relating to his competency for that work; testimony tending to show that the boy's father was foreman for the appellant and knew of conduct alleged to indicate his son's carelessness and incompetency; and there was also evidence relating to alleged contributory negligence of the appellee, and to appellee's knowledge of the alleged incompetency of the boy.    The rule is that when one employe has knowledge of the incompetency of another, but continues in the service until he is injured through such incompetency, he can not recover.    Frazer & Chalmers v. Schroeder, 163 Ill. 459.

If the case was properly submitted to the jury, their finding as to matters of fact, if not influenced by passion or prejudice, should not be interfered with.

Counsel for the defendant offered in evidence a statement in writing signed by the appellee purporting to show how the injury occurred.    To the introduction of this statement appellee's counsel objected and the court sustained the objection, to which appellant's counsel duly excepted.    This was error.    When appellee identified the paper and his signature thereto containing a statement showing how the accident occurred, any admissions it contained became competent evidence against him.    If to break the force of such admissions his counsel desired to show that the signature was procured by fraud or attached by mistake, or that appellee when signing the statement did not know or understand its contents, this could be done. But the statement should have been admitted.

Subsequently, on rebuttal, appellee's counsel asked to see. the statement, and appellant's counsel refused to produce it for his inspection, stating that it had been ruled out and. was not in evidence. The court thereupon reversed the former ruling, stated that it would be considered in evidence, compelled appellant's counsel to produce the paper, told him he might reopen his case, and that both parties might put in everything they desired in reference to that statement. Appellee's counsel then proceeded to cross-examine his own client as to how and when and where the statement was made and signed, including conversations with reference to an insurance company. The position then was this: Appellee's counsel practically was permitted to introduce in rebuttal a statement signed by his own client, to the introduction of which, by appellant, who alone had the right to introduce it, he had before successfully objected; and to bring before the jury, by a process equivalent to cross-examination, testimony as to circumstances which he says in his brief " were so natural and reasonable, and so in accord with the well known methods of accident insurance companies, that there could be no attempt made to contradict it." This statement indicates that appellee's counsel regarded this testimony as prejudicial to appellant, and no doubt it was.

Appellant's counsel have not taken the pains to. abstract this paper, and we are not advised, therefore, of its contents. Shively v. Hettinger, 67 Ill. App. 278, and cases there cited. But appellee's counsel states that it was "not substantially in conflict with the testimony given in behalf of appellee."

The prejudicial testimony thus improperly admitted, and which was outside of the real issue, as to whether appellant was guilty of negligence, as charged in the declaration, may have been responsible for the rather large damages awarded in the case.

As there must be a new trial, we refrain from further comment on the evidence. The judgment will be reversed and the cause remanded.