## March-Davis Cycle Manufacturing Co. v. The Strobridge Lithographing Co.

1. APPELLATE COURT PRACTICE—*Where the Court Will Not Look into the Record.*—The court will not go to the record for information which the appellant should furnish by his abstract.

2. FOREIGN CORPORATIONS—*Right to Sue in this State—Waiver of*

684    APPELLATE COURTS OF ILLINOIS.

VOL. 79.] March-Davis Cycle Mfg. Co. v. Strobridge Lith. Co.

*Showing.*—Where a jury is waived and the parties go to trial without a replication, the burden of showing the right of the plaintiff (a foreign corporation) to sue in this State is waived.

3. SAME—*Applications of the Statute.*—The statute of 1897 regarding foreign corporations applies to such corporations only as do business in this State through resident or local agents, and not to drummers or traveling salesmen soliciting business in this State for foreign corporations which are entirely non-resident.

4. PRESUMPTIONS—*In the Absence of Pleadings.*—In the absence of an allegation to that effect it will not be presumed that the plaintiff was a foreign corporation, nor that the business was done in this State.

Assumpsit, in a contract for furnishing posters. Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the October term, 1898. Affirmed. Opinion filed January 26, 1899.

CUTTING, CASTLE & WILLIAMS, attorneys for appellant.

CHARLES M. SHERMAN, attorney for appellee.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

The abstract in this case does not comply with the rule of this court, in that it fails to give the declaration. It says the declaration was a special count on a contract, viz.—

"CHICAGO, U. S. A., December 26, 1896.
THE MARCH-DAVIS CYCLE MFG., Chicago.

Gentlemen: We will furnish you with 10 M. 3 sheet posters from design submitted (making necessary changes in same), in full colors on No. 1 poster paper, at 11 cents each, to be shipped in quantities and paid for as ordered, the whole to be taken by July 1, 1897. We will print but half of the top sheet now, awaiting your instructions as to a possible change in the lettering.

Yours truly,
THE STROBRIDGE LITHO. CO.,
per E. A. ST. JOHN.

Accepted by
THE MARCH-DAVIS CYCLE MFG. CO.,
W. E. DAVIS, Prest."—

and the common counts, affirming amount due, $850. The general issue was pleaded, and a plea that appellee was an Ohio corporation, that when suit was commenced it did

First District—October Term, 1898. 685

March-Davis Cycle Mfg. Co. v. Strobridge Lith. Co.

not have a public office, etc., in this State, that it had not filed a copy of its charter, etc., with the Secretary of State, and had not in other respects complied with the statute of this State (specifying the same). No replication was filed, but a jury was waived and trial had without formal issues being made.

We suppose the action was assumpsit, but what the special count alleged we can not tell. We will not go to the record for information which the appellant should furnish by the abstract. Gibler v. City of Mattoon, 167 Ill. 18; Harper v. Dixon, 70 Ill. App. 136; Arnold v. Gehring, 76 Id. 486.

We have, therefore, not considered the appellant's contention that the damages are excessive.

Appellant claims that because appellee is a foreign corporation it could not maintain its suit, because of the recent statute of this State regarding foreign corporations, in force July 1, 1897, which, so far as material in this case is, viz.:

Section 1. "Every corporation for pecuniary profit formed in any other state, territory or country, before it shall be authorized or permitted to transact business in this State, or to continue business therein, if already established, shall have and maintain a public office or place in this State for the transaction of its business, where legal service may be obtained upon it, and where proper books shall be kept to enable such corporation to comply with the constitutional and statutory provision governing such corporation; and such corporation shall be subjected to all the liabilities, restrictions and duties which are or may be imposed upon corporations of like character organized under the general laws of this State, and shall have no other or greater powers."

Sec. 2. "Every company incorporated for purposes of gain under the laws of any other state, territory or country, now or hereafter doing business within this State, shall file in the office of the Secretary of State a copy of its charter or articles of incorporation, or in case such company is incorporated merely by a certificate, then a copy of its certificate of incorporation, duly certified and authenticated by the proper authority; and the principal or agent in Illinois of the said corporation shall make and forward to the Secretary of State, with the articles or certificates

686    APPELLATE COURTS OF ILLINOIS.

VOL. 79.] March-Davis Cycle Mfg. Co. v. Strobridge Lith. Co.

above provided for, a statement duly sworn to of the proportion of the capital stock of the said corporation which is represented by its property located and business transacted in the State of Illinois; and such corporation shall be required to pay into the office of the Secretary of State of this State, upon the proportion of its capital stock represented by its property and business in Illinois incorporating taxes and fees equal to those required of similar corporations formed within and under the laws of this State. Upon a compliance with the above provisions by said corporation, the Secretary of State shall give a certificate that said corporation has duly complied with the laws of this State, and is authorized to do business therein, stating the amount of its entire capital and of the proportion thereof which is represented in Illinois; and such certificates shall be taken by all courts in this State as evidence that the said corporation is entitled to all rights and benefits of this act, and such corporation shall enjoy those rights and benefits for the time set forth in its original charter or articles of association, unless this shall be for a greater length of time than is contemplated by the laws of this State, in which event the time and duration shall be reckoned from the creation of the corporation, to the limit of time set out in the laws of this State: Provided, that nothing in this act," etc.,   \*   \*   \*   "and provided further, that the provisions of this act are not intended to and shall not apply to 'drummers' or traveling salesmen soliciting business in this State for foreign corporations which are entirely non-resident."

Sec. 3. "Every corporation for pecuniary profit, formed in any other state, territory or country now doing business in, or which may hereafter do business in this State, which shall neglect or fail to comply with the conditions of this law, shall be subject to a fine of not less than $1,000, to be recovered before any court of competent jurisdiction; and it is hereby made the duty of the Secretary of State immediately after September 1, of the year 1897, and as often thereafter as he may be advised that corporations are doing business in contravention of this act, to report the fact to the prosecuting attorney of the county in which the business of such corporation is located, and the prosecuting attorney shall, as soon thereafter as is practicable, institute proceedings to recover the fine herein provided for, which shall go into the revenue fund of this State; in addition to which penalty, on and after the going into effect of this act, no foreign corporation, as above defined, which shall

fail to comply with this act, can maintain any suit or action, either legal or equitable, in any of the courts of this State, upon any demand, whether arising out of contract or tort; provided, that the provisions of this section shall not apply to railroad and telegraph companies which have heretofore built their line into or through this State, nor to ' drummers' or traveling salesmen soliciting business in this State, for foreign corporations which are entirely non-resident."

In this connection it is also contended that the burden is on appellee to prove its right to sue in Illinois.

The parties having waived a jury and going to trial without a replication, waived all irregularity in that regard, and the case must be considered as if the issues were complete. 5 Amer. & Eng. Ency. of Law, 27, n. 2; Kelsey v. Lamb, 21 Ill. 559, and cases cited; Bunker v. Green, 48 Ill. 243.

It will be observed that the statute is with reference to foreign corporations only, doing business in this State through resident or local agents, and does not apply to drummers or traveling salesmen soliciting business in this State for foreign corporations which are entirely non-resident.

The second plea fails to allege that the business out of which this suit arose was transacted in this State, and also that the appellee did any business in this State. For all that appears from the pleadings or the proof, the contract might have been made and the business done outside of Illinois, or in Illinois by a drummer or traveling salesman soliciting business in this State for appellee. In either of such cases the statute would not apply.

It will not be presumed, in absence of an allegation by appellee, that it was a foreign corporation, nor, in the absence of an allegation by appellee and appellant, that the business was done in this State; nor that appellee did not do business in this State through a traveling salesman not resident in this State. It is true, the evidence shows that appellee was a foreign corporation, but it fails to show that the business was done in this State, and also that it was not done by a traveling salesman for a foreign corporation which was entirely non-resident. In the absence of these allega-

tions and this proof, there is no reason on this record why appellee should not recover. The evidence is sufficient to justify the judgment. The question as to the burden of proof is, therefore, not important, and also for the further reason that no propositions of law were presented to the trial court, nor are there any questions raised in argument as to the admission or exclusion of evidence. This being the state of the record it will be presumed the rulings of the trial court on all questions of law were correct. Grabbs v. City of Danville, 166 Ill. 441, and cases cited. The judgment is affirmed.

## AMENDMENT TO RULE 29, THIRD DISTRICT.

### NOTICE OF ORAL ARGUMENTS.

Where attorneys desire to argue orally they are required to give notice to the clerk five days before the day the cause stands subject for call, of such intentions, and they are also required to give five days notice to the attorneys for the opposite party.