## Bomal Blah, by his Next Friend, v. West Chicago St. Ry. Co.

1. INSTRUCTIONS—*To Find for the Defendant, When Proper.*—Where the case made by the plaintiff is wholly insufficient to warrant a recovery, the jury are properly instructed to find for the defendant.

Trespass on the Case, for personal injuries.   Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge,

presiding. Heard in the Branch Appellate Court at the March term, 1901. Affirmed. Opinion filed February 21, 1902.

E. H. MORRIS, attorney for plaintiff in error.

JOHN A. ROSE and LOUIS BOISOT, attorneys for defendant in error; W. W. GURLEY, of counsel.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This was an action to recover for a personal injury received by plaintiff in error while in the employ of the defendant company. The negligence charged is that the defendant caused an inexperienced, negligent and incompetent helper, knowing him to be such, to assist the plaintiff in coupling cars, and that the injury was caused by the negligent failure of such helper, a car conductor, to tighten brakes.

The plaintiff was employed, it is said, as a "tow boy." It was his duty to attach and drive a horse used in drawing cars to be towed or pulled over a switch from one track to another, and he had also been employed "coupling" cars for a week before the injury, by the direction of the "barn boss," who told him "to do what the conductor tells me to do." The afternoon of March 13, 1896, he hitched his horse to a car, pulled it over the switch onto the east-bound track, took the horse off, hitched onto the other end of the car, and started to pull it east on that track. The conductor directed him to couple onto the grip car, toward which he was pulling the car to which his horse was attached. He jumped off, gave the conductor the lines, who took them in his left hand, having transfer tickets in the right hand. Plaintiff ran ahead about eight feet, took hold of the chain and raised the bumper of the grip car. The approaching car struck the grip car with such force, it is said, that the coupler, after going into the block of the grip car, pushed or slid "out on the side," catching and injuring the plaintiff's hand.

At the close of the plaintiff's evidence, the court instructed the jury to find the defendant not guilty, which was done,

and judgment entered accordingly.    It is claimed the trial court erred in giving such instruction.    It is said the conductor acted as a vice-principal, and not as a fellow-servant, in directing plaintiff to couple the cars; that there was sufficient evidence of the conductor's known carelessness in driving, and that such carelessness caused the injury, to entitle the plaintiff to have the issue submitted to the jury.

The evidence of negligence on the part of the conductor is that he did not know how to drive a horse; that the horse was walking fast; that the conductor, holding the lines in one hand, was counting his tickets; that he did not apply the brake; that "the car came full force," and that the coupler " went in and then slid on the side," "and the sharp piece of the trailer drove right into " plaintiff's hand.    It is quite evident from this testimony that the conductor, to whom plaintiff gave the reins of the horse when he jumped off and went ahead to attend to the coupling, did nothing except to hold the lines for plaintiff, and paid no attention to the coupling, leaving that, apparently, wholly to the latter.    There is no evidence that he had, or assumed, any responsibility for the speed of the horse, or that plaintiff expected him to do so.    Apparently the management of the coupling was left entirely to plaintiff, who had been doing the same kind of work for a week, and receiving pay therefor.    There is nothing tending to show that the conductor was employed, or was expected, to drive a horse, or apply the brake, or regulate the approach of the car to the grip, or to have anything to do with the coupling.    His alleged incompetency as a driver, therefore, is immaterial.

Neither is there evidence that there was any necessity for the plaintiff's hand to be, in the performance of his duty as coupler, in the position where it was when injured; nor does it appear that the hand being where it was, it would not have been injured by the cars coming together, no matter how slowly they approached.

. The contention that if the conductor was a vice-principal in directing the plaintiff to couple the cars, the company is therefore responsible for the consequences suffered by

plaintiff in carrying out the order, is not tenable. (Chicago & Alton R. R. Co. v. May, 108 Ill. 288–296.) The only authority exercised by the conductor, according to the evidence, was in directing the plaintiff to couple the cars. He gave no directions as to the manner in which this should be done, and it is not claimed that his authority extended beyond the mere direction to proceed with the coupling. In holding the lines he was, so far as appears, not acting as vice-principal, but only obliging the plaintiff. If, however, it be considered that he was helping the plaintiff to do the coupling, and was careless about it, he evidently stood in the position of a fellow-servant in that respect, and " at the time of the injury they were actually co-operating in" the particular work, and acting as fellow-servants. (Chicago & N. W. R. R. Co. v. Moranda, 93 Ill. 302–324; N. C. St. Ry. Co. v. Conway, 76 Ill. App. 621–625.) The facts being undisputed, there was no question for the jury as to the existence of the relation. It was a question of law. (C. & E. I. R. R. Co. v. Driscoll, 176 Ill. 330–335; Meyer v. I. C. R. R. C., 177 Ill. 591–597.) This was not the first time, according to plaintiff's evidence, that the parties had been brought together in the same relation, and if the conductor was an incompetent driver, the evidence shows that plaintiff knew it, and assumed the risk. (Webster Mfg. Co. v. Schmidt, 77 Ill. App. 49–51.)

The case made by the plaintiff being wholly insufficient to warrant a recovery, the jury were properly instructed to find for the defendant. (Abend v. T. H. & I. R. R. Co., 111 Ill. 202–210.)

The judgment of the Circuit Court must be affirmed.