WILLIAM GRACE CO. v. HENRY MARTIN BRICK MACH. MFG. CO.

(Circuit Court of Appeals, Seventh Circuit.   October 5, 1909.)

No. 1,556.

1. CORPORATIONS (§ 642*)—FOREIGN CORPORATIONS—LIABILITY TO SUIT—"DO-ING BUSINESS WITHIN THE STATE."

Under Hurd's Rev. St. Ill. 1908, c. 32, § 26, which authorizes service of process upon an agent of a foreign corporation only in case that corporation is doing business in the state, the presence in the state of a traveling salesman, representing a foreign corporation having no place of business there, with authority to take orders for goods, to be submitted to the corporation for approval, does not constitute "doing business within the state" by the corporation, which will subject it to suit therein.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2520, 2524; Dec. Dig. § 642.*

Foreign corporation doing business in state, see notes to Wagner v. J. & G. Meakin, 33 C. C. A. 585; Brown v. Chicago, R. I. & P. Ry. Co., 72 C. C. A. 622.   Service of process on foreign corporations, see notes to Eldred v. American Palace Car Co., 45 C. C. A. 3; Cella Commission Co. v. Bohlinger, 78 C. C. A. 473.]

2. CORPORATIONS (§ 668*) — FOREIGN CORPORATIONS — LIABILITY TO SUIT — "AGENT."

A mere traveling salesman for a corporation, sent into another state on a special matter with specific instructions, but having general authority to solicit orders for goods, to be submitted to the company for approval, is not an "agent" of the foreign corporation on whom service of process against it may be made, under Hurd's Rev. St. Ill. 1908, c. 32, § 26.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2610, 2611; Dec. Dig. § 668.*

For other definitions, see Words and Phrases, vol. 1, pp. 262–270; vol. 8, p. 7569.]

In Error to the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

Action by the William Grace Company against the Henry Martin Brick Machine Manufacturing Company.   Suit dismissed for want of jurisdiction, and plaintiff brings error.   Affirmed.

Plaintiff in error, an Illinois corporation, brought suit at law against defendant in error, a Pennsylvania corporation, in the municipal court of Chicago, Ill., and caused service to be had upon one McClellan, as an agent of defendant in error.   The cause was afterwards duly removed to the federal Circuit Court.   On issue of agency for the purposes of service being raised by defendant in error, the Circuit Court found against plaintiff in error.   The latter thereupon represented to the court that he was unable to procure other service of process and asked for a final order, whereupon the suit was dismissed for want of jurisdiction over the defendant.   The cause is now before this court upon the alleged error of the Circuit Court in quashing service of summons.

The facts deduced from the affidavits are as follows, viz.:   Defendant in error is engaged in the business of manufacturing brick machines at Lancaster, Pa.   On March 9, 1908, the contract out of which this suit has grown was entered into between the parties hereto at Chicago, Ill., involving the sale and installation of certain brick-manufacturing machines in plaintiff in error's plant at Ormstown, Canada.   Afterwards, some disagreement having arisen between the parties, McClellan, a mere traveling salesman for defendant in error, having no stock or official connection with defendant in error, was, on request of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiff in error, sent to Chicago under instructions to confer with plaintiff in error in regard to such controversy, and to make to plaintiff in error certain definite propositions, with a view to adjusting the differences, and also to report to defendant in error any counter propositions plaintiff in error might make. It further appears that said McClellan had authority to take orders for brick machine manufacturing apparatus, but was required to report the same to his employer for approval, and that he had not the power to make an absolute sale, except as specifically directed by defendant in error. While in Chicago in reference to the matter in suit, he did solicit orders to be reported to his employer. He had nothing to do with negotiating or making the sale in question. After several interviews, plaintiff in error declined finally to meet the terms proposed by McClellan for defendant in error, and caused the latter to be at once served with process.

The errors assigned are that the court erred in quashing the service and in not holding that it had jurisdiction of defendant in error.

George F. Buckingham, for plaintiff in error.

S. S. Gregory, for defendant in error.

Before GROSSCUP, BAKER, and KOHLSAAT, Circuit Judges.

KOHLSAAT, Circuit Judge (after stating the facts as above). Whether or not the service upon McClellan was good must be determined with reference to the Illinois law. If the municipal court obtained jurisdiction of the defendant in error by service upon him, that jurisdiction was not vitiated by the removal. Under the statute of Illinois (section 26, c. 32, Hurd's Rev. St. 1908) service can be had upon an agent of a foreign corporation only in case that corporation is "doing business" in the state.

The questions here presented are: (1) Was defendant doing business in the state of Illinois at the time of service or before? (2) Was McClellan an agent within the meaning of the statute of Illinois?

It does not appear that defendant in error ever maintained any office within the state of Illinois for the transaction of its business. On the contrary, it is positively denied. Nor had it ever had any resident agent in the state, or transacted any other business therein, save the soliciting of orders by mail or traveling salesmen, to be submitted to defendant in error for approval. Our attention has been called to no Illinois case holding that a foreign corporation, under these circumstances, would be held to be doing business in the state. On the other hand, the contrary is expressly held in Havens & Geddes Co. v. Diamond et al., 93 Ill. App. 557, and in March-Davis Cycle Mfg. Co. v. Strobridge Lithographing Co., 79 Ill. App. 683. In the former case it is said:

"The procuring of orders by traveling agents in this state, with or without samples, or the sale of goods in this state by samples, when the orders are sent to a foreign corporation for its approval in the foreign state, from which the goods are shipped by common carrier to the purchaser in this state, does not constitute 'doing business' in this state, where such foreign corporation has no place of business in this state."

To the same effect are the decisions of a great number of the state courts referred to at page 2160 of Words and Phrases Judicially Defined. The federal rule is clearly stated in Wall v. Chesapeake & Ohio Ry. Co., 95 Fed. 398, 37 C. C. A. 129, and Fairbank & Co. v. Cin. & N. O. Ry. Co., 54 Fed. 420, 423, 4 C. C. A. 403, 38 L. R. A. 271.

In Fitzgerald & Mallory Construction Co. v. Fitzgerald, 137 U. S. 98, 11 Sup. Ct. 36, 34 L. Ed. 608, it is said:

"Where a foreign corporation is not doing business in a state, and the president or any officer is not there transacting business for the corporation and representing it in the state, it cannot be said that the corporation is within the state, so that service can be made upon it."

In Green v. C., B. & Q. Ry. Co., 205 U. S. 530, 27 Sup. Ct. 595, 51 L. Ed. 916, it is held that the fact that "for the purpose of conducting this incidental business the defendant employed Mr. Heller, hired an office for him in Philadelphia, designated him as 'district freight and passenger agent,' and in many ways advertised to the public these facts," and the further fact that "when a prospective passenger desired a ticket, and applied to the agent for one, the agent took the applicant's money and procured from one of the railroads running west from Philadelphia a ticket to Chicago, and a prepaid order which gave to the applicant, upon his arrival at Chicago, the right to receive from the Chicago, Burlington & Quincy Railroad a ticket over that road," and the further facts that he issued orders for reduced rates to railroad employés over defendant's lines, and gave exchange bills of lading, to be in force when freight was actually received by defendant therein—all these, and more, were not sufficient to show that the defendant therein was doing business in the district; citing with approval Fairbank & Co. v. Railway Co., supra.

The case of Houston v. Filer Stowell Co. (C. C.) 85 Fed. 757, is cited by plaintiff in error as holding to the contrary. In that case, however, the general manager of the defendant corporation was in the state with reference to the subject-matter involved in the suit, thereby raising questions not involved here. Whether or not the facts in that case show that the defendant there was doing business in this state is not here a material inquiry, since McClellan could not, by anything he could do beyond his authority, bring defendant in error into this state. Whether or not he was, under the facts of this case, an agent, within the meaning of the statute, for purposes of service, must clearly be answered in the negative, under the rule established by a long line of authorities. Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517; Conley v. Mathieson Alkali Works, 190 U. S. 406, 23 Sup. Ct. 728, 47 L. Ed. 1113; Green v. Railway Co., supra.

We deem it unnecessary to consider the phase of the case raised by defendant in error with reference to interstate commerce.

Affirmed.