Hurd et al. *v.* Culies et al.

JOHN H. NETELER, impleaded with ISRAEL A. HURD *et al.*, Appellants, *v.* JOSEPH W. CULIES *et al.*, Appellees.

### APPEAL FROM BROWN.

In an action against Israel A. Hurd, William C. Hurd, and John H. Neteler, as joint makers of a promissory note, a note offered as evidence, signed "Hurds & Neteler," without special averments, will not authorize a judgment.

Where the general issue is pleaded, the statute only dispenses with such proof of the execution of the instrument sued on, and of the joint liability of the defendants, as is consistent with the pleadings.

THIS was an action of assumpsit, brought by plaintiffs against defendants, in the Brown Circuit Court, at the October term, A. D. 1855, upon the following promissory note:

$120.69.                                    NEW YORK, March 26, 1851.

Six months after date, we promise to pay to the order of James Williams, one hundred and twenty dollars, sixty-nine cents, value received.

HURDS & NETELER.

The declaration contains a special count upon the note, the money counts, and a count on an account stated.

The declaration is in the usual form against makers of joint and several notes. No allegation in the declaration that defendants were partners, or that defendants used the signature of Hurds & Neteler.

Upon the trial, upon plea of non-assumpsit, defendants objected to the note offered in evidence, on the ground of variance. The court overruled the objection, and rendered judgment for plaintiffs; to which defendants excepted and appealed.

J. S. BAILEY, for Appellants.

W. H. HERNDON, for Appellees.

SKINNER, J. The plaintiffs below sued Israel A. Hurd, William C. Hurd and John H. Neteler, and declared against them in assumpsit, as joint makers of a promissory note, payable to James Williams, and by him assigned to the plaintiffs. The cause was tried by the court upon the general issue. The only evidence, on the trial, in support of the action, was a promissory note, signed "Hurds & Neteler," payable to Williams, and by him assigned to the plaintiffs below.

The defendants objected to the note as evidence, for variance and irrelevancy, but the court overruled the objection, and rendered judgment in favor of the plaintiffs.

To justify the finding, the allegation, or description of the writing in the declaration, and the note offered in support of it should have corresponded and been consistent the one with the other.

Such would have been the case had the note been executed in the names of the persons declared against as joint makers, or had the declaration alleged that they executed the same by the style of "Hurds & Neteler."

The proof then would have accorded and been consistent with the case made by the declaration, and, under our statute, no further proof would have been necessary to sustain the judgment of the court.

The court could not presume that the defendants were partners, doing business under the style of "Hurds & Neteler," or that they, as joint makers, executed the note by that name and style, in the absence of any allegation to that effect in the declaration.

Where the general issue is pleaded, the statute only dispenses with such proof of the execution of the instrument declared on, and the joint liability of the defendants, as is consistent with the pleadings. *Petrie* v. *Newell*, 13 Ill. R. 647; *Dwight* v. *Newell*, 15 ibid. 333; 1 Greenlf. Ev. Sec. 69 and note 3; *Williams* v. *Bryant*, 5 Mees. and Welsb. R. 447; *Mayelston* v. *Palmerston*, 2 Carr and Payne R. 474; *Rossitter* v. *Marsh*, 4 Conn. R. 196; *Ives* v. *Pickett*, 2 McCord R. 271.

It is immaterial as to the obligation of the promise, by what name or style the defendants executed the note. They may be sued upon it by their true names, and any apparent variance or inconsistency between the instrument and the names of the alleged makers, by reason of the name or style in fact used, may be helped, or *prima facie* avoided, by an averment in the pleading that they executed the written promise by such name and style; and under the general issue, the execution of the instrument described, and the joint liability, are admitted.

Judgment reversed and cause remanded, with leave to plaintiffs below to amend their declaration.

*Judgment reversed.*