### ·CHARLES KARCH, impleaded with Albert Hall,

*v.*

### CHARLES L. EMERICK.

1. SPECIAL PLEA—*amounting to general issue.* To a declaration in an action on a promissory note against two defendants, alleging that the defendants executed and delivered the note to the plaintiff, a plea of one of the defendants, in form special, averring that the consideration for the note was received by his co-defendant, and was the individual debt of such co-defendant, and denying his joint liability, is bad on a special demurrer, that it amounts only to the general issue.

2. PLEADING—*of the description of the makers of a note—whether as partners.* In an action on a promissory note, the plaintiff, in the commencement of his declaration, complained of A B and C D, partners, etc., defendants, in a plea, etc., and then alleged that the defendants made their certain promissory note in writing, by which said note said defendants, 'by the

name, style and description of A B, promised to pay, etc.: *Held*, the word "partners" in the commencement of the count was merely descriptive of the persons, and had nothing to do with the character in which the defendants executed the note, and hence, to such a count, a plea denying the partnership would present an immaterial issue, and a plea denying the execution of the note, verified, was a complete answer to the declaration.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

Messrs. WINKELMAN & BONEAU, for the plaintiff in error.

Messrs. HAY & KNISPEL, and Messrs. C. W. & E. L. THOMAS, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The notes upon which this action is brought, are signed by Albert Hall. The declaration contains two special counts upon notes, and the common counts.

To the declaration, the plaintiff in error filed three pleas.

*First,* The general issue, which was verified by affidavit.

*Second,* A special plea, in which it was averred that the sole consideration of the notes sued on was merchandize, and real estate sold and conveyed to his co-defendant, Hall, and that the same was, and is, the individual debt of Hall, and that he is not jointly liable therefor. The third plea is like the second, except it is alleged that the consideration of the notes was money loaned by the defendant in error to the said Hall.

A general demurrer was interposed to each of these pleas, and for cause of special demurrer to the second and third pleas, it is said that they amounted only to the general issue. The court sustained the demurrer, and the plaintiff in error electing to stand by his pleas, judgment was rendered against him and Hall for the amount of the notes.

The only error assigned is, the decision of the court sustaining the demurrer to the several pleas.

The second and third pleas, although in form special pleas, were in effect simply a denial of any liability on the part of Karch, and amounted to no more than the general issue, and

therefore the special demurrer, for that reason, was properly sustained as to them.

The first plea is the general issue verified by affidavit. It presents a complete answer to the whole declaration, and the demurrer was improperly sustained as to it.

The first count of the declaration is, that the plaintiff complains of Charles Karch and Albert Hall, partners, doing business under the name, firm and style of Karch & Hall, defendants, in a plea, etc. It then alleges, that the defendants made their certain promissory note in writing, by which said note said defendants, by the name, style and description of Albert Hall, promised to pay, etc.

The word "partners," in the commencement of the count, is merely descriptive of the persons, and has nothing to do with the character in which they executed the note. It is not averred that they executed it as partners. *Johnson* v. *Buell*, 26 Ill. 66. Neither of the other counts avers any promise or undertaking made by the defendants as partners. A plea denying the partnership would, therefore, have presented an immaterial issue. The plea of the general issue, verified, put the execution of the note in issue, and it was error to sustain the demurrer to that plea; for which the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*