## WILLIAM BECKER

*v.*

## THE GERMAN MUTUAL FIRE INSURANCE COMPANY OF NORTH CHICAGO.

1. VARIANCE—*in name of defendant.* In an action upon an instrument in writing where the alleged name of a party thereto is apparently different from the one appearing to the instrument when offered in evidence, the instrument is not admissible in evidence unless there be an averment in the declaration explaining the apparent inconsistency between the names, and the averment be sustained by proof.

2. In a suit against *William* Becker, the declaration alleged that the defendant made, etc., the note sued on, without any explanation as to the name used, or in which it was executed, and the note offered in evidence was signed *Wilhelm* Becker, in the German language: *Held,* that the two names were different in both orthography and sound, and that the note was not admissible in evidence, for the variance.

3. SAME—*how avoided.* It is immaterial, as to the obligation of the promise, by what name a defendant executes the writing. He may be sued upon it by his true name, and· the variance may be *prima facie* avoided by an averment in the declaration that he executed the writing by such a name, or otherwise reconciling the apparent inconsistency.

APPEAL from the Superior Court of Cook county; the Hon. WILLIAM A. PORTER, Judge, presiding.

Mr. GEORGE W. PARKES, for the appellant.

Messrs. BARBER & LACKNER, for the appellee.

Per Curiam: This was an action of assumpsit upon a premium note, alleged in the declaration to have been executed by William Becker to the insurance company. The company recovered, and the defendant appealed.

On the trial in the court below, the plaintiff offered in evidence a note signed by Wilhelm Becker. The defendant objected to the introduction of the note in evidence, on the ground of a variance as to the name of the maker. The court overruled the objection and admitted the note in evidence. This is assigned as error.

This court has repeatedly held that, in actions upon instruments of writing, where the alleged name of a party thereto is apparently different from the one appearing to the instrument when offered in evidence, the instrument would be inadmissible in evidence, and should be rejected on the ground of variance, unless there be an averment in the declaration explaining the apparent inconsistency between the names, and the averment be sustained by proof; that, to justify a finding for the plaintiff, the description of the writing as to name in the declaration, and the instrument offered in support of it, should correspond and be consistent the one with the other; that it is immaterial, as to the obligation of the promise, by what name the defendant executed the writing; that he may be sued upon it by his true name, and any apparent variance or inconsistency between the instrument and the name of the alleged maker, by reason of the name in fact used, may be helped or *prima facie* avoided by an averment in the declaration that the maker executed the written promise by such name, or otherwise reconciling the apparent inconsistency. *Hurd et al.* v. *Culies et al.* 18 Ill. 188; *Rives* v. *Marrs*, 25 id. 315; *Curtis* v. *Marrs*, 29 id. 508; *Graves* v. *People,* 11 id. 542; *Garrison* v. *People,* 21 id. 535; *O'Brien* v. *People,* 41 id. 456.

There is here a difference in the orthography and sound of the names. We can not hold them to be the same, unless it be so made to appear by averment and proof.

There is here no such averment or proof; the only proof in that respect being, that the signature to the note is in the German language. We can not judicially know that Wilhelm in the German language is the same as William in English.

We think the case comes within the decisions cited, and that under their authority the objection to the admission of the note in evidence should have been sustained and the note excluded.

For error in this respect, the judgment is reversed and the cause remanded.

*Judgment reversed.*