<em>Judgment affirmed.</em>

BENJAMIN FRANKLAND

V.

L. M. JOHNSON.

*Negotiable Instruments—Note—Execution—Sec. 34, Chap. 110, R. S. —Attachment Act, Sec. 27.*

1. If the defendant in an action upon a promissory note desires to raise the question of the obligation being that of some one else, and not of himself, he must put the execution of the instrument in issue by his plea, duly verified.

2. The action in the case presented was in assumpsit begun by attachment and based upon a promissory note. The trial was begun before a jury and evidence was heard upon the merits to a point where the court considered the law question was presented as to the liability of the defendant upon the facts adduced; then, by agreement of counsel, the jury was waived and the cause submitted to the court and the trial pro-

ceeded with. This court holds, it being contended that the court erred in not quashing the attachment and in not submitting the issue on the attachment to the jury separately from that upon the merits, that the whole case was before the jury in the first instance, both upon the merits and upon the plea to the attachment, and that there is nothing in the record to show that the whole cause was not submitted to the court.

3. There is no support to the contention of counsel, that Sec. 27 of the Attachment Act requires a separate trial of the right to attach. And the affidavit of the defendant, submitted on the motion for a new trial, as to what his understanding was of the effect of the submission of the cause to the court, can not be allowed to overcome the record, which shows that the whole cause was submitted to the court, and that evidence upon both issues was heard.

4. This court holds that the evidence justified the trial court in finding for the plaintiff on the issue of non-residence of defendant, and declines to interfere with the judgment for the plaintiff.

[Opinion filed December 8, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. THOMAS F. TIPTON, Judge, presiding.

Messrs. M. J. DUNNE and J. W. WAUGHOP, for appellant.

Mr. M. L. THACKABERRY, for appellee.

MR. JUSTICE SHEPARD. This action was in assumpsit, begun by attachment. The declaration consisted of the common counts, and a special count upon a promissory note of which the following is a copy:

"$5,592.00.                    CHICAGO, June 1st, 1885.

On or before the first day of June, 1888, the Western Seaman's Friend Society agrees to pay to L. M. Johnson, or order, the sum of five thousand, five hundred and ninety-two dollars, with interest at the rate of six per cent per annum.

B. FRANKLAND, Gen. Supt."

Indorsements on the back of the note amount to $396.73.

The special count alleges that the defendant (appellant), on, etc., " made his certain promissory note in writing * * * in and by which said note the said defendant, by the name, style and description of The Western Seaman's

Friend Society, promised to pay the said plaintiff," etc.,
* * * and that he, the said defendant, " at the same time
and place of the execution of the note aforesaid, and as a
part of the same transaction, by a certain writing upon the
face of said note, guaranteed the prompt payment of the
same, and undertook and promised to pay to the order of
said plaintiff the sum of money therein mentioned * * *
which writing was in the words and figures following to
wit: B. Frankland, Gen. Supt." Notice of the attach-
ment was duly given by publication, and the writ was levied
on certain real estate.

The defendant appeared, and issues were joined on his
plea of the general issue to the declaration, and his plea in
abatement to the attachment writ. By agreement of par-
ties the cause was submitted to the court for trial without a
jury, and judgment was rendered for the plaintiff.

It is contended, first, that the note declared upon is the
obligation of the Western Seaman's Friend Society and not
that of appellant. The authorities are inharmonious as to
who is obligated upon instruments more or less allied in
terms to the note in question, but we do not deem it neces-
sary to review or discuss them in the case at bar.

If appellant had desired to raise the question of the obli-
gation being that of some one else and not of himself, he
should have put the execution of the instrument in issue by
his plea duly verified.

Our statute provides that a defendant shall not be per-
mitted to deny on trial the execution of any instrument in
writing upon which suit has been brought, unless the denial
is made by plea verified by affidavit. Sec. 34, Chap. 110,
R. S.

The allegations of the declaration are that appellant
made his note, and that he promised by the name of the
Western Seaman's Friend Society to pay it, and also that
he guaranteed the note by the name of B. Frankland, Gen-
eral Superintendent, and a copy of the note was filed with
the declaration. The appellant thus had specific notice of
what was claimed of him, and of the particular instrument

upon which the claim was based. If he intended on the trial to insist that the promise was not his, in fact, but was that of the Western Seaman's Friend Society, he should have put the question in issue in the way prescribed by the statute.

There was no substantial variance between the instrument as declared upon and the note offered in evidence, and in the absence of a verified plea the court below was amply justified in finding that the promise was made by the appellant as alleged. Frye v. Menkins, 15 Ill. 339; Foy v. Blackstone, 31 Ill. 538; Delahay v. Clement, 2 Scam. 575; Neteler v. Culies, 18 Ill. 188.

It is further contended that the court erred in not quashing the attachment writ, and also, that it was error not to have submitted the issue on the attachment to the jury separately from that upon the merits.

The trial was begun before a jury and evidence had been heard upon the merits of the case to a point where the court considered the law question was presented as to the liability of the defendant upon the facts adduced. Thereupon by agreement of counsel, the jury was waived and the cause submitted to the court and the trial proceeded with.

The whole case was before the jury in the first instance, both upon the merits and upon the plea to the attachment; and there is nothing in the record to show that the whole cause was not submitted to the court. The recital in the record of the judgment states, on the agreement of parties in open court, "this cause is submitted to the court for trial without a jury." This includes the whole cause, and not merely a single one of several issues in the cause.

There is no support to the contention of counsel, that Sec. 27 of the Attachment Act requires a separate trial of the right to attach; and the court might properly have refused to try the cause by piecemeal.

As a matter of fact both issues were tried by the court. Evidence on both sides was heard on both issues, and for anything appearing, the court was justified by the evidence in finding both issues for the plaintiff. The affidavit of the

defendant submitted on the motion for a new trial, as to what his understanding was of the effect of the submission of the cause to the court, can not be allowed to overcome the record, which shows that the whole cause was submitted to the court, and that evidence upon both issues was heard.

In view of what the evidence was under the plea to the attachment, we do not regard the question raised as to the effect of filing the amended affidavit in attachment, as important.

There was enough in the evidence to justify the court in finding for the plaintiff on the single issue of non-residence of defendant, and that issue was presented by the original affidavit, and the plea in abatement and replication thereto.

Other questions have been argued, which we do not consider it necessary to discuss. Upon the whole record we are satisfied that entire justice has been done to the appellant, and that no sufficient reason exists for a reversal of the cause, and the judgment of the Circuit Court will therefore be affirmed.

*Judgment affirmed.*