## Chicago Stamping Company v. Solomon L. Bignall, Edmond B. Bigelow and Claude Bigelow, Impleaded with Charles J. Glenn.

1. JOINT LIABILITY—*Not To Be Raised by Plea in Abatement.*—The defendants in an action against them as partners upon a promissory note, pleaded in abatement that they were not partners. The plea was a nullity. To deny their joint liability, etc., the plea should have been the general issue verified. Under the plea as pleaded they could not, on the trial, have disputed their liability.

**Memorandum.**—Assumpsit on a promissory note. Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the March term, 1894. Reversed and remanded. Opinion filed June 18, 1894.

The opinion states the case.

CHARLES M. STURGES, attorney for appellant.

Botsford & Wayne, attorneys for appellees; E. H. Gary, of counsel.

Mr. Justice Gary delivered the opinion of the Court.

The declaration began thus: "The Chicago Stamping Company, a corporation, etc., plaintiff, by Charles M. Sturges, its attorney, complains of Solomon L. Bignall, Edmond B. Bigelow, Claude Bigelow and Charles J. Glenn, late copartners in business, under the style and firm name of 'Chicago Lamp Company,' defendants, etc., of a plea of trespass on the case on promises. For that, whereas, the said defendants heretofore, to wit: On the fifteenth day of September, in the year of our Lord, one thousand eight hundred and eighty-six, at Chicago, to wit, at the county aforesaid, made their certain note in writing, commonly called a promissory note, bearing date the day and year last aforesaid, and then and there delivered the said note to the said plaintiff, in and by which said note the said defendants, by the name, style and description of 'Chicago Lamp Co., C. J. Glenn, Treas.,' promised to pay to the order of said plaintiff, by the name, style and description of 'Chicago Stamping Co.,' $229.94 on the twenty-seventh day of November, in the year of our Lord, one thousand eight hundred and eighty-six, at 238 Lake street, in Chicago, in the State of Illinois, for value received. By reason whereof," etc.

Five other counts were very like the first. The defendants pleaded in abatement that they were not partners. The plea was a nullity. Karch v. Emerick, 59 Ill. 184.

The plea should have been the general issue verified (Ibid.), and until Frankland v. Johnson, 147 Ill. 520, the defendants could not on the trial have disputed their liability. Frankland v. Johnson, 46 Ill. App. 430, and see also Supreme Lodge v. Zulke, 30 Ill. App. 98, S. C. 129 Ill. 298, which cases have introduced a good deal of uncertainty.

The court instructed the jury to find for the defendant. This was error and the judgment is reversed and the cause remanded.