### E. HERTZBERG v. GEORGE WITTE.

Decided December 13, 1899.

**1.  Case Criticised.**

The intimation in Wright v. McDonald, 88 Texas, 140, as to the rule applicable to a tenant's right to remove buildings from the leased premises, discussed and not followed.

**2.  Landlord and Tenant—Removal of Buildings.**

Where a tenant put buildings on the leased premises under an agreement, in the lease, that they were to remain his property and be removable as he chose, and during the term the lessors sold the premises subject to such agreement, his right to remove the buildings was not defeated by the fact that, at the expiration of his lease, he took from the new owner another lease of part of the premises which did not recognize his right to remove the buildings.

APPEAL from Bexar. Tried below before Hon. ROBERT B. GREEN.

*J. D. Guinn,* for appellant.

*T. F. Shields* and *W. S. Anderson,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by appellee against appellant to recover the value of certain buildings and improvements alleged to have been wrongfully removed by appellant from the rear end of a certain lot of appellee situated in the city of San Antonio.

The removal of the structures by appellant was not controverted. His defense pleaded was that he erected the buildings under an agreement with his lessors, the Biesenbach heirs, who then owned the property, and who afterwards, during the term of his lease, sold it to appellee, under an agreement that appellant should have the right to put whatever buildings on the back end of the lot he wished to, and to sell and remove the same as he chose; that this agreement was known to appellee when he bought; that in appellee's deed to the premises it was provided that such agreement should be respected by him; that the title conveyed was subject thereto; and that his right under the agreement was restrained when, after the expiration of the term of his original lease, he rented the premises from the plaintiff, and was recognized by him at that time and after such subsequent lease expired.

The case was tried by the court without a jury, and the trial resulted in a judgment in favor of the appellee.

The evidence is uncontroverted that appellee bought the lot referred to from the Biesenbach heirs in 1892; that when he purchased appellant was in possession under a lease from appellee's grantors, the term of which did not expire until two years after the date of purchase; that the buildings, the value of which is sued for, were erected on the lot by appellant during the term of his lease from the Biesenbachs; that after appellant's original lease expired, he on the 2d of April, 1894, leased a certain one-story rock and brick building (not the one removed) on the north side of said lot fronting on West Commerce Street, which lease was in writing, and made no mention of the buildings erected on the rear end of the lot by appellant during the term of his prior lease, or of the right claimed by him in said structures; that after the expiration of said lease, but before appellee took possession of the lot, appellant removed the buildings erected by him on the rear of the lot, therefrom.

Evidence was offered by appellant to prove (1) that when appellee purchased from Biesenbach's estate the lot upon which the buildings were situated, it was with the understanding that they were appellant's property, and that he had the right to remove the same at will; (2) that the deed from appellee's grantors stipulates that it is made "subject to the existing lease to E. Hertzberg," and "agreement with him as to rear buildings;" (3) that the agreement referred to in the deed was in writing, and to the effect that Hertzberg had the right to erect the rear buildings, and, when erected, they were to be his property with full right to remove them at will; (4) that appellee recognized and acknowledged appellant's ownership and such right in said building during and after the expiration of the term of the lease of 2d day of April, 1894.

Without objection to the form in which the testimony was offered by appellant, the court rejected and excluded it upon the ground that his lease from appellee made no provision for said improvements, and that by its acceptance appellant lost all claim and title he may have had in said property.

The errors assigned go to the action of the court in excluding the testimony offered.

The weight of authority is: "That where, at the expiration of a lease during which trade fixtures have been erected on the premises by the tenant, a new lease is taken of the same tenant, containing no reservation of any right or claim of the tenant to the fixtures still remaining on the premises, and without recognizing the right of the tenant to remove them, such fixtures erected under the former lease can not be removed by the tenant during or at the end of the new lease, notwithstanding his actual possession has been continuous." Sanitary Dist. v. Cook, 169 Ill., 184, 39 L. R. A., 369, and cases cited; Jones, Real Prop., sec. 1768; Taylor, Landl. and Ten., 8 ed., sec. 552; Ewell on Fixt., 174, 175; Tyler on Fixt., 437-439; Wood, Landl. and Ten., sec. 533; Holmes v. Tremper, 11 Am. Dec., 238, and note; Collamore v. Gills, 5 L. R. A.,

150, and note; Hedderech v. Smith, 103 Ind., 203, 53 Am. Rep., 509; Elwes v. Mawe, 2 Smith, Lead. Cas., 1460, and cases cited in note.

The rule quoted was announced and sought to be applied by this court in Wright v. McDonnell, 27 Southwestern Reporter, 1024, but upon a writ of error to the Supreme Court it was held inapplicable to the facts in that case. Wright v. McDonnell, 88 Texas, 140. The court, however, while recognizing the support of the principle by the weight of authority, expressed grave doubt of its soundness, as an original proposition, and showed a decided leaning toward Kerr v. Kingsbury, 39 Michigan, 150, in which an opinion adverse to the rule is announced.

As the rule that a lessee loses his right to remove his fixtures by renewing his lease without reserving the fixtures on the premises has come down to us from the Year Books (2 Smith Leading Cases, note, supra), one of the great sources of the common law, undisturbed until questioned in Kerr v. Kingsbury, and passed the opinion of the great judge in that case with increased force and strength, it is not for us, upon an intimation of its disapproval by the Supreme Court of this State, to give it question.

But, notwithstanding the strength of the authority upon which the rule is established and the soundness of the principle upon which it rests, we do not think its application to the exclusion of the evidence offered in this case by the appellant was correct.

"A tenant may, by the terms of his agreement, not only vary his rights as to the description of articles he is entitled to remove, but may enlarge the time of their removal; and even subject himself to greater restrictions, or secure to himself greater privileges in the ultimate disposition of them than would attach to him as a tenant. As, for example, where he has, by the terms of his lease, the privilege of selling his fixtures by valuation to an incoming tenant, his property in the fixtures would not determine, at the expiration of the lease, but he will still have the right of onstead on the premises. He may, in the same way, acquire an unlimited power to remove things which he affixes to the freehold. By entering into special conditions of this nature, the parties entirely change the situation in which they stand to each other, from the relation of landlord and tenant; and the claims in controversy would in such cases resolve themselves into questions of construction, where the only point for determination is whether the article in question falls within the terms of the agreement or not." Taylor, Landl. and Ten., 8 ed., sec. 554; Ewell, Fixt., 66; Sisson v. Hibbard, 75 N. Y., 542; Tifft v. Horton, 53 N. Y., 377; Ford v. Cobb, 20 N. Y., 344; Price v. Malott, 85 Ind., 266; Rogers v. Cox., 96 Ind., 157; Taylor v. Watkins, 62 Ind., 511; Yates v. Mullen, 24 Ind., 277; Henkle v. Dillon, 15 Ore., 610, 17 Pac. Rep., 148; Hendy v. Dinkerhoff, 57 Cal., 3; Haven v. Emery, 33 N. H., 66; Eaves v. Estes, 10 Kan., 314; Sword v. Low, 122 Ill., 487, 13 N. E. Rep., 286; Manwaring v. Jenison, 61 Mich., 117, 27 N. W. Rep., 899; Melhop v. Meinhart, 70 Iowa, 685.

If appellant could show that he erected the buildings in question

with the consent of his original lessors under an agreement with them; that they were to be his property with full right to remove them at will, and that the appellee purchased the premises with knowledge of and subject to such agreement, then, under the principle stated, the buildings were appellant's personal property, and he had the right to remove them, notwithstanding his subsequent lease from appellee, regardless of whether the latter acknowledged or recognized his right under the agreement during and after the expiration of the term of the subsequent lease, and his exercise of such right would be a complete defense to plaintiff's action.

Therefore the court erred in excluding the testimony. For which error its judgment is reversed and the cause remanded.