## WILLIAMSON v. PYE. (No. 1846.)

Court of Civil Appeals of Texas. Beaumont.
May 23, 1929.

Seale & Denman, of Nacogdoches, for appellant.

Adams & McAlister, of Nacogdoches, for appellee.

WALKER, J. Appellee brought this suit in county court against appellant, alleging that he was the owner of a certain house which appellant wrongfully converted, and prayed for damages in the sum of $300. Appellant denied that appellee was the owner of the house. The jury found that appellee was the owner of the house at the date of its conversion, and that it was of the value of $75. Judgment was accordingly entered in appellee's favor. The facts in support of the judgment are as follows:

About 1900 appellee's father gave him permission to build the house in question upon his land. Appellee built the house and paid for it, claiming the house as his own. He continued to assert this claim from that date to the date of the conversion. After building the house, appellee lived in it only for a few years, then moved out, and surrendered the possession to his father. His father used the house without objection for more than 20 years, and was so using it at the time of his death. The father never disputed the title of appellee to the house. The land upon which the house was built was the separate property of the father. When he died, he

left other children surviving him besides appellee, but their names were not disclosed. After the death of the father, appellee's mother sold the house to appellant for $50. Before appellant moved it, appellee notified him of his claim. Appellee testified that he did not build the house with the intention of moving it off his father's land, and had never planned to move it.

### Opinion.

On these facts appellant insists that judgment should have been instructed in his favor on the theory that the house was made a fixture when it was built, or afterwards it became a fixture upon the land. These propositions are not sound. The house was built with the father's consent. The doctrine of improvements made with the permission of the owner of land is thus stated by 31 C. J. 310, § 5: "The improvements belong to the owner of the land when made under a stipulation to this effect. But where an improvement, such as a building, is put upon the land of another, by his permission, under an agreement or understanding that it shall belong to the occupant or may be removed at any time, it does not become a part of the real estate, but continues to be personalty, and the property of the person making it. If the improvement is made by the owner's permission, an agreement that it shall remain the property of the person making it is implied in the absence of any other facts or circumstances showing a different intention."

In this case there was no agreement to remove. But that did not make the house a fixture, as appellant insists. The agreement that the house should remain the property of the son, and that he might remove it upon request, was implied as a matter of law. This was the direct holding of the court in Edwards v. Thannisch (Tex. Civ. App.) 254 S. W. 523. The rule is thus stated by 31 C. J. 312: "If the agreement providing for the removal of improvements fixes the time of removal, it must be complied with in this respect. But where there is no agreement or no time is fixed, or where, although it has been fixed, the owner of the land withdraws his consent that they shall remain longer, they may be removed within a reasonable time."

Appellee built the house as his personal property. He continued his claim until it was converted by appellant. Having the right to remove the house, he was never asked to move it off the land, nor given that opportunity. The facts fully support the verdict of the jury that the house was the property of appellee at the date of its conversion.

Appellant insists the court erred in refusing to submit the issues (a) whether the house became a fixture when it was built, and (b) whether it became a fixture after it was built. In connection with these issues he requested the following definition of a fixture:

"You are given the following instructions which you will accept as part of the law in this case in passing on special Issue No. B. In determining what a fixture is you must look to the following elements:

"(a) Actual annexation to the realty or something appertaining thereto.

"(b) Application to the use or purpose to which that part of the realty with which it is connected is appropriated.

"(c) The intention, of the party making the annexation to make a permanent accession to the freehold."

These issues and this definition were not pertinent to the issues of fact made by the evidence. Appellant controverted the contention of appellee that he built and paid for the house, and that it ever belonged to him. If appellee built the house, there was no issue made that he built it with his father's permission, and that the permission thus given was never revoked. If it be conceded that the issue was raised against appellee that he lost his rights by waiver or abandonment, these issues were waived, since appellant did not request their submission. They were not carried to the jury by the requested issues, nor by appellant's definition of a fixture. His exceptions to the court's refusal to submit his issue show clearly that he did not have in mind the issue of waiver or abandonment. These exceptions were as follows:

"Because the Court erred in failing and refusing to give this defendant's special requested issue No. B wherein this defendant asked the Court to submit to the jury the following special Issue; 'Did the house in question after its erection on the land of Jim Pye, ever become a fixture to said land?' Said Issue should have been submitted to the jury for the reason the plaintiff testified that when he put this house up some twenty-seven years ago on the land of Jim Pye he then never intended to remove it and since a house is such an article that may become a fixture the above issue was raised by the evidence and if the jury had answered said Issue 'yes', then this defendant could not have maintained this cause of action. Said Issue was also raised by the pleadings of the defendant. Said issue was duly made and presented to the Court before the reading of his Main Charge to the jury and was by the Court refused, all of which is more fully shown by the Defendant's Bill of Exception No. 2."

Appellant also complains of the refusal of the following charge:

"By the term 'Fixture' is meant: A fixture is an article which was a chattel, but by being physically annexed or affixed to realty, became accessory to it and a part and parcel of it."

The court did not err in refusing to submit this charge. Because the lumber from which the house was built was a chattel, and because it was physically "annexed" or "affixed" to the land, did not, as a matter of

law, make it "accessory to it and part and parcel of it." The issue was raised that by contract the house was the personal property of appellee, and never became a part of the realty. That was the issue submitted to the jury and found by it in appellee's favor.

The case was properly tried, and therefore the judgment of the lower court is in all things affirmed.