## WILSON v. MODICA.
### No. 2708.

Court of Civil Appeals of Texas. Beaumont.
Feb. 28, 1935.

Lipscomb & Lipscomb, of Beaumont, for appellant.

Jas. A. Harrison, of Beaumont, for appellee.

O'QUINN, Justice.

Modica sued Wilson to recover $1,382.15 actual and $500 exemplary damages for the alleged tearing down of a certain building located on the grounds of the colored high school in the city of Beaumont, and the conversion to his own use of the lumber and material therein.

Plaintiff alleged that he was the owner of the house, and that same at the time it was torn down by appellant was worth "the fair and reasonable market value" of $1,200; that there was situate in said building at the time same was torn down certain personal property belonging to one D. Perkins, which appellant removed and placed out on the grounds, without Perkins' consent, of which said property some was damaged in moving it out, and some was lost or stolen, and some was damaged by the weather, the whole damage to said property being the sum of $182.15; that he, plaintiff, was the owner of the said claim of damages to said personal property by transfer from Perkins; that said building and the personal property therein had been and was at the time of its

destruction being used as a cafeteria to accommodate the pupils of said colored high school. It was alleged that appellant acted with malice in tearing down the building and removing the personal property, whereby appellee was entitled to exemplary damages in the sum of $500.

The defendant, appellant here, answered by general demurrer and general denial.

The cause was tried to a jury upon special issues, in answer to which the jury found that the "reasonable cash value" of the building was $116 just preceding the day it was torn down; that F. R. Wilson's wife in good faith purchased the building from one J. D. Monroe without notice of Modica's claim to same; and that after Modica purchased the building from John D. Monroe he did not sell it back to said Monroe. On the findings of the jury, judgment was entered in favor of appellee for $116. Motion for a new trial was overruled and the case is before us on appeal.

■■ Special issue No. 1, relative to the value of the house, reads: "From a preponderance of the evidence, what do you find to be the reasonable cash value of the building in question just preceding the day it was torn down?"

This was all of the charge relative to the value of the house or the material alleged to have been converted. Appellant duly excepted to this charge for several reasons, among them that it did not give to the jury the correct measure of damages, in that it did not tell the jury that the value of the building was its market value at the time and place where it was destroyed, if it had a market value, but that said issue submitted only the reasonable cash value of the building when there was no pleading to raise such issue.

The assignment must be sustained. Appellee alleged in his petition "that said building when so torn down and destroyed by defendant was of the fair and reasonable market value of $1,200.00." There was no alternative allegation that if there was no market value for the building, as such, or the material in same, as such, then said building was of the intrinsic value of such sum, or of any sum. There was no proof that there was or that there was not a market value for such building, but the proof was confined to its special or intrinsic value. Appellee alleged the market value of the building. If there was a market value for the building, then that was the measure of the damages for its destruction, and the burden of proof was upon appel-lee to show same, but if it appeared that there was no market value for such building, then its intrinsic or actual value would be the measure of damages, but, as there was no allegation of such value, no such issue could be submitted, as was done. Under proper allegations, before the actual value can be shown, it must appear that there is no market value. 13 Encyc. Evidence, 510; Heiligmann v. Rose, 81 Tex. 222, 225, 16 S. W. 931,. 13 L. R. A. 272, 26 Am. St. Rep. 804; Continental Oil & Cotton Co. v. Wristen & Johnson (Tex. Civ. App.) 168 S. W. 395; Young's Bus Lines, Inc., v. Redmon (Tex. Civ. App.) 43 S.W.(2d) 266; Butcher v. Railway Co., 225 Mo. App. 749, 39 S.W.(2d) 1066, 1069.

■■ We think appellant's contention that the issue was erroneous in that it assumed that the property belonged to appellee is well taken. There was a sharp dispute as to whom the building belonged. The record discloses that it was built by J. D. Monroe on the school grounds with the permission of the school board to be used as a cafeteria, and to be removed at any time when desired by the school board. It was rented to Perkins at a monthly rental. Monroe sold the building to Modica and Perkins continued to occupy and use it for cafeteria purposes. Later Monroe says he purchased the building back from Modica and then sold it to Wilson's wife. Modica admitted that he agreed to sell it back to Monroe for $175, but he said that Monroe had not paid him for it. That it was to be Monroe's when he paid for it. Monroe after this sold the building to Wilson's wife and later Wilson tore it down because the school board ordered it removed. The jury found that Mrs. Wilson bought the building in good faith without any notice that Modica claimed it. The record shows that Mrs. Wilson paid $102 on the building, and still owed a balance. Monroe executed to both Modica and to Mrs. Wilson a writing as to his transaction with them. Neither was put of record. The Wilsons, after buying the building from Monroe, took charge of it and closed it up, and later, upon demand of the school board, tore it down and moved it off of the premises. Modica says that he sold the building back to Monroe to be Monroe's when he paid for it, but that Monroe never did pay for it. It is thus seen that a sharp dispute appeared as to the ownership of the building. The issue of ownership should have been affirmatively submitted to the jury.

■■ The building having been placed upon the ground by permission of the school board to be removed at the request of the

board never became annexed to the soil, and therefore remained and was personal property. The general rule is that in a sale of personal property title passes to the purchaser upon delivery of the property sold. It is without dispute that Monroe sold the building to Modica. Monroe testified that he bought the property back from Modica, but had not finishéd paying for it, and then he sold it to Mrs. Wilson. Modica says he agreed to sell the building back to Monroe, it to belong to Monroe when he paid for it, but that Monroe had never paid for it. That Monroe, claiming to have bought the house back from Modica, later sold it to Mrs. Wilson and that at the time Wilson tore the house down, she had paid $102 on the purchase price is not disputed. As before stated, the ownership of the property being in dispute, that issue should have been submitted to the jury.

In view of another trial, we think it proper we should say that it appears practically without dispute that the building as it was on the date of its being torn down could not be removed from the premises, as a house, but that it would have to be torn down to remove same, and that its value consisted in what the material in same was worth as secondhand lumber at that time. If on the next trial the evidence on this feature of the case is the same, then the issue as to value should be as to the value of the material realized from the house.

The judgment is reversed and the cause remanded.