**ROGERS v. FORT WORTH POULTRY & EGG CO.**

**No. 14658.**

Court of Civil Appeals of Texas.
Fort Worth.

Nov. 24, 1944.

Rehearing Denied Feb. 2, 1945.

M. W. Burch, of Decatur, for appellant.

Todd, Crowley & Gambill, of Fort Worth, for appellee.

SPEER, Justice.

This appeal involves venue under the plea of privilege. T. G. Rogers sued Fort Worth Poultry & Egg Company, a corporation, and Bowen Motor Coaches, a corporation, in the District Court of Wise County, for damages alleged to have been sustained when his store building was struck by a coach or bus of the last named defendant.

It is alleged that a truck driven by an agent of the Fort Worth Poultry & Egg Company struck the bus of the other defendant and caused it to run into the front of the store building. Many instances of negligence are ascribed to both defendants jointly and severally.

Bowen Motor Coaches answered and filed a cross action over against the Fort Worth Poultry & Egg Company. The last defendant filed its plea of privilege as against plaintiff's petition; it filed a separate plea of privilege in response to Bowen Motor Coaches' cross action; the last mentioned plea has not as yet been heard by the trial court. The plea of privilege as against plaintiff's petition has been timely

heard and judgment entered sustaining the plea, from which judgment plaintiff, T. G. Rogers, has appealed.

Under three points appellant (plaintiff below) assigns error and contends the court should have overruled the plea of privilege under each and all of exceptions 14, 23, and 29a to article 1995, Revised Civil Statutes, Vernon's Ann.Civ.St. art. 1995, subds. 14, 23, 29a.

We have concluded that no reversible error is shown; our reasons for having reached this decision will presently be demonstrated.

■ In a hearing on the plea of privilege only the "venue facts" are to be determined. Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675. Trial court will look to the pleadings in such cases and determine therefrom the nature of the action. The plea of privilege and controverting answer constitute the pleadings. Bates v. Stinnett, Tex.Civ.App., 170 S.W.2d 644; Cogdell et al. v. Martin et al., Tex.Civ.App., 176 S.W.2d 982; 43 Tex.Jur. 846, § 110.

Exception 14 to Article 1995, R.C.S., in effect provides that suits to recover damages to land must be brought in the county where the land or a part thereof is situated.

■ The petition in this case discloses that damages are sought for injuries to a rock and brick building owned by appellant. There is no allegation that he is the owner of the land upon which the building is situated. There is one allegation which appellant contends sufficiently alleges ownership of the land; it is substantially that he was unable to prevent the damages to his said building because it is permanently affixed to the real estate and is immovable, and the building was therefore forced to stand still and absorb the shock of said collision. The testimony offered showed ownership of the building in appellant, but no effort was made to prove that he owned the land upon which the building stood. We think that neither the allegation nor the proof showed appellant sought damages to land.

Appellant cites many cases holding that growing timber, crops, rock, gravel, oil, and other minerals constitute a part of the land and that actions for destruction or conversion thereof will be treated as damages to land. In each of those cases allegations of ownership of the land by plaintiffs were made. Such cases are not applicable here. He also cites Sims v. Trinity Farm Construction Co., Tex.Civ.App., 28 S.W.2d 856, 857, to support his contention that the allegations and proof were sufficient to constitute this an action for damages to land. That suit involved the burning of a house for which damages were sought. After a recitation of the pleadings, which asserted that plaintiff as guardian of a minor sued for the destruction by fire of a house located on his ward's land, the court said: "The character of this suit is therefore definitely fixed as an action for damages for the destruction of a dwelling house situated on the land of the ward. * * * 'In cases such as this, in which the ownership of a house, and the land on which it stands, is in the same person, we are of opinion that the house should be treated, as in other cases, as a part of the land, * * *.'" Testimony showed that plaintiff had sued for the burning of the house on the minor's land. No such allegations or proof are involved in the instant suit.

■ It is obvious that all appurtenances to land placed there by nature constitute a part of the land; likewise all growing crops and grass, while unsevered, is a part of the real estate. Houses and other improvements placed thereon by man may or may not be a part of the realty—depending upon contracts and intentions of parties thereto. Everyone knows that in many cases that have been before the courts men erect structures and even very valuable improvements on lands of another under contracts, agreements, and evident intentions that such improvements shall never be a part of the land and never become the property of the land owner. When such conditions arise the improvements do not become real property but remain personal. See Wright v. Macdonnell, 88 Tex. 140, 30 S.W. 907; Hertzberg v. Witte, 22 Tex.Civ.App. 320, 54 S.W. 921; O'Neil v. Quilter, 111 Tex. 345, 234 S.W. 528; Edwards v. Thannisch, Tex. Civ.App., 254 S.W. 523; Williamson v. Pye, Tex.Civ.App., 18 S.W.2d 707; Wilson v. Modica, Tex.Civ.App., 80 S.W.2d 411; Eckstine v. Webb Walker Jewelry Co., Tex. Civ.App., 178 S.W.2d 532; writ refused, want of merit. In view of the nature of appellant's pleadings and the proof offered in support of it, the case does not fall within exception 14 to article 1995.

Exception 23 of the general venue statute relied upon by appellant provides, substantially, insofar as applicable to this case, that suit may be maintained against a corporation in any county in which the cause of action or any part thereof arose. If appellant has a cause of action against appellee, it arose in Wise County where the suit was instituted. The acts of negligence alleged to have been committed by the driver of appellee's truck were: Driving in excess of the rate of speed allowed by State law and City ordinances, defective brakes, failing to keep a proper lookout, failure to have the truck under proper control at the time and place, failure to give signals as he approached the street intersection, and failure to bring the truck to a stop at said intersection.

The evidence offered shows that immediately before the collision the bus was coming up Main Street going west and appellee's truck was going south on Trinity Street. The two streets intersect at the southeast corner of the court square. The truck was on the court square between where Trinity Street enters the square and where its south extension leaves the square; the truck was on its driver's right hand side. Two persons who witnessed the accident testified that the collision took place at this intersection; that the truck hit the bus on its right hand side and caused it to veer to its left, go across the sidewalk and strike the front of the "Empire Drug Store." One witness said the impact knocked the driver of the bus out of his seat and that immediately before the collision the driver of the truck "appeared to be looking around." That the truck was traveling 12 or 15 miles per hour. There was no other testimony offered in support of allegations of negligence of the truck driver. Nothing is shown as to conditions of traffic nor that there was any City ordinance affecting speed or stop signs or signals at the places where the two vehicles entered the intersection. Nothing is said of the movements of the bus except as pointed out. Whether or not the bus was traveling fast or slow does not appear; the record is silent concerning which vehicle entered the intersection first. The fact that the driver of the truck "appeared to be looking around" may or may not tend to indicate that he was negligent, for indeed it was his duty to observe traffic, if any, coming from both directions before crossing the street.

■ It is now the settled law that when one party seeks to maintain venue against another in a county other than that of his residence, and the latter files his plea of privilege, and the plaintiff controverts that plea, the issue of venue under one or more of the exceptions to article 1995 is raised and the burden of proof is cast upon the plaintiff, as it is in any other civil case, and that a mere proving of a prima facie case is not sufficient, but he must show by a preponderance of the evidence that his cause of action falls within one of said exceptions. Fagg v. Benners, Tex.Civ.App., 47 S.W.2d 872; Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91.

■ Adverting to exception 23 relied upon by appellant, he seeks to maintain venue in Wise County because his cause of action or a part thereof arose in that county. It follows then that to maintain venue there he must show that he had a cause of action. A cause of action does not arise unless there is a cause of action shown. It was necessary for appellant, when invoking this exception as against the plea of privilege, to prove facts showing that a cause of action or a part thereof arose in Wise County. Victoria Bank & Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63.

■ There could be no cause of action unless it is established from the facts proved that appellee's acts constituted negligence and a proximate cause of the injuries sustained. The trial court, after passing on the fact issues involved, entered judgment sustaining the plea of privilege. The judgment does not contain any fact findings—separate findings were not requested or filed. This means that the trial court found against appellant upon the essential elements of his alleged cause of action; that is, that no negligence and proximate cause were shown. There is no difference in the rule authorizing this court to review fact findings in this kind of a case and any other appealed case. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91. In view of the judgment entered and the facts proved, we are not in a position to say that there was any evidence of negligence and proximate cause. If it could be said that the evidence raised the issue of failure to keep a proper lookout (the only ground of negligence alleged upon which any evidence was introduced), it was not of such a nature as to be conclusive.

That evidence was that the driver of the truck "seemed to be looking around," just before the collision; the court, whose duty it was to weigh the testimony, resolved it against appellant, and we may not revise it on appeal. 3 Tex.Jur. 1102, § 771. When the evidence justifies it, facts necessary to support the judgment, when tried to the court, will be presumed to have been found by the court so as to support the judgment entered. 3 Tex.Jur. 1063, § 750. We overrule the point relied upon to support venue under exception 23 to article 1995.

The remaining point relied upon is that venue should have been sustained in Wise County under exception 29a to article 1995, R.C.S. That is, appellee was a necessary party to appellant's cause of action against the other defendant, Bowen Motor Coaches.

■ Appellant sued the two corporations as joint tort feasors; he alleged the several items of negligence as against both and specifically alleged that each was guilty of all said negligent acts. The defendant, Bowen Motor Coaches, answered in Wise County and joined issues with appellant. Whether that defendant was suable in Wise County (when its domicile was alleged to be in Tarrant County) is not disclosed by the evidence. If it voluntarily answered there and waived its privilege, it would not thereby confer venue on appellee in that county. Blake v. B. F. Dittmar Co., Tex.Civ.App., 58 S.W.2d 548.

■ A somewhat similar situation to the one before us was before the court in Union Bus Lines et al. v. Byrd et al., Tex. Sup., 177 S.W.2d 774, 775. In that case the defendant interpleaded a third party and sought contribution against him upon the grounds that the damages for which defendant was being sued were occasioned on account of such third party's negligence. The interpleaded party filed its plea of privilege, and the defendant who interpleaded it controverted the plea of privilege on the ground that the third party was a necessary party under exception 29a. Court held the rule to be that where under the exceptions to article 1995 a suit is properly maintainable against a defendant in a county other than his residence, and the plaintiff therein joins another as defendant, and seeks to retain venue of him under section 29a, such other defendant is a necessary party within the meaning of said section 29a, "If the complete relief to which plaintiff is entitled under the facts of the case as against the defendant properly suable in that county can be obtained only in a suit to which both defendants are parties." (Citing authorities.) Upon answer to a certified question of whether or not the interpleaded defendant was a necessary party under section 29a, court answered in the negative.

■ In Tarrant et al. v. Walker, Chief Justice, 140 Tex. 249, 166 S.W.2d 900, 902, it is held that exception 29a to article 1995 is purely ancillary to other exceptions to that article of the statutes and can never be invoked independent of some other one of those exceptions. In that case the rule is said to be that if plaintiff can procure full relief against one of two or more joint tort feasors, the others are not necessary parties under exception 29a. In that case, two parties were sued as joint tort feasors. A plea of privilege was sustained as to one of them and the other was retained where the suit was filed. Court said: "Either defendant is liable for the damages suffered by Mrs. Tarrant (plaintiff), and she could have full satisfaction therefor by judgment and execution against either."

■ Under the rules announced in the above cited cases, we see no reason why appellant cannot under his allegations recover full and complete relief as against Bowen Motor Coaches as to all damages that concern may be due him without the necessity of appellee being held in that court as a necessary party. We conclude that appellee is not shown to be a necessary party to the Wise County suit as contemplated by exception 29a.

■ It has many times been held that the privilege of defending a suit in the county of one's residence is a valuable right and can only be taken away by the terms of one of the exceptions to exclusive venue. In City of Mineral Wells v. McDonald, Chief Justice, 141 Tex. 113, 170 S.W.2d 466, at page 468 the Supreme Court said: "Our courts have repeatedly held that the dominant purpose of the venue statutes is to give a person who has been sued the right to defend such suit in the county of his domicile, except under well-defined exceptions." Meredith v. McClendon, 130 Tex. 527, 111 S.W.2d 1062.

In the absence of reversible error in the record, the judgment of the trial court will be affirmed, and it is so ordered.