**R. D. HOLLY et al., Appellants,**

**v.**

**Robert D. CRAIG, Appellee.**

**No. 16093.**

Court of Civil Appeals of Texas.

Fort Worth.

April 1, 1960.

Brown, Jordan & Murray, and Walter E. Jordan, Fort Worth, for appellants.

Robert R. Stuart, Wichita Falls, for appellee.

RENFRO, Justice.

Plaintiff Craig sued Corley, Holly and Gipson in the District Court of Young County for damages. Holly filed a plea of privilege to have the case as to him transferred to Floyd County. Gipson's plea of privilege asked that the case as to him be transferred to Motley County.

Plaintiff's petition alleged that he was owner of a frame dwelling in Olney, Texas; that on April 7, 1958, said frame dwelling was damaged when, on account of a collision with a pick-up truck owned by defendant Corley, a truck owned by Holly and driven by Gipson crashed into the house.

The controverting affidavit made the petition a part thereof and claimed venue in Young County by virtue of exception 9a of the venue statute, Vernon's Ann.Civ.St. art. 1995.

Hearing was had on the pleas of privilege on March 19, 1959. After the court had indicated to the attorneys in the case that he was going to sustain the pleas of privilege, the plaintiff sought and obtained the court's permission, on July 16, 1959, to amend his controverting affidavit to show that Olney is situated in Young County, and to claim venue, for the first time, under subdivision 14. No evidence was introduced at the second hearing. The court did allow the plaintiff to correct the controverting affidavit in one respect, not material here, and the parties stipulated that Olney is located in Young County.

■ In the March hearing, the plaintiff failed to prove venue under subdivision 9a.

The only evidence offered at the March hearing which can be considered under subdivision 14 was that he was the owner of a house in Olney and "that dwelling" was damaged by defendant Holly's truck.

Exception 14, in effect, provides that suits to recover damages to land must be brought in the county where the land or a part thereof is situated.

The pleadings in this case show damages sought for injuries to a frame house. Plaintiff did not allege that he is owner of the land upon which the house was situated. The testimony showed ownership of the house but not of the land.

Under the holding of this court in Rogers v. Fort Worth Poultry & Egg Co., 185 S.W.2d 165, 167, the order overruling the pleas of privilege of the defendants Holly and Gipson must be reversed. In that case we held: "Houses and other improvements placed thereon by man may or may not be a part of the realty—depending upon contracts and intentions of parties thereto. Everyone knows that in many cases that have been before the courts men erect structures and even very valuable improvements on lands of another under contracts, agreements, and evident intentions that such improvements shall never be a part of the land and never become the property of the land owner. When such conditions arise the improvements do not become real property but remain personal. See Wright v. Macdonnell, 88 Tex. 140, 30 S.W. 907; Hertzberg v. Witte, 22 Tex.Civ.App. 320, 54 S.W. 921; O'Neil v. Quilter, 111 Tex. 345, 234 S.W. 528; Edwards v. Thannisch, Tex.Civ.App., 254 S.W. 523; Williamson v. Pye, Tex.Civ.App., 18 S.W.2d 707; Wilson v. Modica, Tex.Civ.App., 80 S.W.2d 411; Eckstine v. Webb Walker Jewelry Co., Tex.Civ.App., 178 S.W.2d 532; writ refused, want of merit."

■ The statutory right of a defendant upon timely and proper plea to be sued in the county of his residence is a valuable right of which he may not be deprived unless the case against him comes clearly within one or more of the exceptions found in the statute.

■ In view of plaintiff's pleading and the proof offered in support of it, this case does not fall within exception 14 or other statutory exception.

In points 3, 4, 5 and 6, defendants contend the court erred in refusing to hold the original controverting affidavit fatally defective and erred in permitting plaintiff to amend.

After careful consideration we have determined the points are not well taken and they are hereby overruled.

The order of the court overruling the pleas of privilege is reversed.

Reversed and remanded.